Sneed, J.,
delivered the opinion of the Court.
The question is, has a Justice of the Peace jurisdiction upon an acceptance of a bill of exchange for an amount greater than $250. The bill is in words and figures as follows:
“$300. “Louisville, Sept. 24th, 1868. “Thirty days after date pay to the order of myself three hundred dollars. Value received.
“J. A. Jessel.
To Mike PoweRS, Esq., Nashville.”
“Accepted. Payable at the Second Nashville Bank, Nashville, Tenn. M. Powers.”
“Endorsed J. A. Jessel, &c.”
*584 Our statute is in the words following: “The jurisdiction of Justices of the Peace in civil cases extends to $500 upon all notes of hand indiscriminately, whether calling for dollars and cents simply, or for an amount to be discharged in other means than money, or for an amount of any article or multiplicity of articles whatever; and upon endorsements of negotiable paper when demand and notice are expressly waived in the endorsement.
“2. To all unsettled accounts, obligations, contracts, or other evidences of debt, not embraced in the preceding section, when the amount does not exceed $250.” Code, s. 4123.
The Circuit Judge was of opinion that the acceptance in this case is a note of hand in the sense of the statute, and the verdict and judgment were accordingly.
The restriction imposed upon the jurisdiction of the Justice rests upon the assumption on the part of the Legislature that this domestic tribunal is generally unlearned in the law, and not always a safe judicature for rights and remedies important in value and amount. Hence, the utmost jurisdiction in debt is $500, if there be a written evidence thereof signed by the party, whether in the form of a note of hand or an endorsement, when the liability is absolutely fixed by the waiver of demand and notice. An acceptance when it is absolute and unconditional is an absolute and unconditional promise to pay the debt according to the tenor of the bill. Though not a promissory note yet in obligation and effect it is the same. It an *585 swers all the requirements of the statute, and is within its sense and reason. It is a written engagement to pay the bill in money when due, a written acknowl-edgement of a specific debt to be paid at all events. 4 East, 72. . If it be an absolute acceptance, as in this case, it is a positive understanding to pay the bill according to its tenor.
We are of the opinion that the acceptance in this case is a note of hand in the sense of the statute, and affirm the judgment.